IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GLR-19-318 |
| SEAN WESTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**GOVERNMENT'S OPPOSITION TO
<u>DEFENDANT'S MOTION FOR RECUSAL</u>**

The United States of America, by and through its undersigned counsel, hereby responds to the Defendant's Motion for Recusal [ECF 813].

Defendant Weston's motion seeks the recusal of Judge Russell, Magistrate Judge Copperthite, and Magistrate Judge Coulson "from any Court proceedings pertaining to Sean Weston." Def. Mot. at 1. As grounds for his motion, Weston alleges that these judges have "deliberately violated the personal liberties and Constitutional rights of Sean Weston" and "wantonly refused to provide due process and equal protection of the Law before the court and . . . behaved in a manner inconsistent with that which is needed for full, fair, [and] impartial hearings." *Id*. at 1-2.

Specifically, Weston alleges that Judge Copperthite violated Weston's Fourth Amendment rights by authorizing a warrant to search his residence. *Id*. at 2. Weston further alleges that Judge Copperthite, DEA Special Agent Ratliff, and two former attorneys with the U.S. Attorney's Office conspired to falsify the facts in Weston's criminal case during a detention hearing in order to cover up a crime that was committed by Alice Pinderhughes, of Pinderhughes Title. *Id*. at 3. According to Weston, Pinderhughes helped others embezzle $50,000 that Weston had invested in commercial

1

property located at 3314 through 3318 Ayrdale Avenue, Baltimore, Maryland, and helped others defraud Weston of his ownership and investment in the property. *Id*. Specifically, Weston alleges that Pinderhughes removed Weston's name from deeds relating to the property and refinanced the property without his knowledge. Id. Weston further asserts that Judge Russell is a "very good friend" of Pinderhughes. *Id*. at 4.

Finally, Weston speculates that it is "a possibility [that Mr. Carroll and Mr. Williams'] names were removed from the criminal indictment in order for the 2 men to remain on the street and become federal informants for the DEA." *Id*. at 4.

Judicial disqualification is governed by 28 U.S.C. §§ 144 ("Bias or prejudice of judge") and 455 ("Disqualification of justice, judge, or magistrate judge"). Judges should recuse themselves under § 455(a) "in any proceeding in which [their] impartiality might reasonably be questioned," and under § 455(b)(1) where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "Congress revised the disqualification statute in 1974 and instituted an objective standard in § 455(a) to replace the old subjective standard." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998). The application of section 455(a) turns not on whether the judge is impartial in fact, but "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *Id*. (citations omitted). This objective standard does not require recusal based on "unsupported, irrational, or highly tenuous speculation." *Id*. at 287 (citation omitted).

Applying the law to the present case, it is evident that Weston has not made a showing that any of the judges involved in Weston's criminal case have a personal bias or prejudice against him, or otherwise suffer from a lack of impartiality. In the first place, Weston provides no basis

2

for a finding that Judge Russell has a friendship with a person named Alice Pinderhughes. But assuming for the sake of argument that there is a friendship, certainly, Judge Russell's alleged friendship with Pinderhughes by itself cannot be the basis for his recusal in this case. Importantly, Weston has not asserted that Judge Russell had any involvement in the alleged scheme perpetrated by Pinderhughes to defraud Weston; and Weston does not explain how Judge Russell's alleged friendship with Pinderhughes calls into question his impartiality. Weston is charged with conspiracy to import drug paraphernalia, tax offenses, and money laundering. The evidence relating to these charges has nothing to do with the facts relating to the alleged scheme to defraud Weston of the commercial property. Viewed objectively, there is no nexus between Judge Russell's alleged friendship with Pinderhughes and Weston's criminal case, and there is no reason for anyone to reasonably question his impartiality.

Similarly, Judge Copperthite's involvement in this case – authorizing a search warrant and ordering the detention of Weston – does not call into question his impartiality. Judge Copperthite authorized the search warrant after finding probable cause that evidence of a conspiracy to distribute controlled substances and drug paraphernalia might be found at Weston's residence. Weston's motion does not elaborate on how signing and authorizing a search warrant indicates that Judge Copperthite either lacks impartiality or has a personal bias against Weston. With respect to Weston's detention hearing, Weston's bald assertion that Judge Copperthite ordered Weston detained based on Judge Copperthite's alleged participation in a conspiracy to cover up a crime that was allegedly committed by Alice Pinderhughes is nothing more than "unsupported, irrational, [and] highly tenuous speculation." *DeTemple*, 162 F.3d at 287. In addition, Weston has not pointed to any conduct on the part of Judge Copperthite that even remotely suggests that he has a personal bias or prejudice against Weston. An objective person looking at Judge Copperthite's

involvement in this case could not reasonably question his impartiality.

With respect to Judge Coulson, although Weston's motion seeks his recusal, Weston fails to discuss or mention any of Judge Coulson's conduct or involvement in this case. As such, Weston has not even attempted to provide a basis for Judge Coulson's recusal.

Finally, Weston's speculation about the possibility that Mr. Carroll and Mr. Williams' names "were removed from the criminal indictment in order for the 2 men to remain on the street and become federal informants for the DEA," Def. Mot. at 4, has nothing to do with whether any of the judges involved in this case should be recused. Weston does not allege that they had anything to do with removing their names from the indictment; nor does he explain how such conduct would necessarily show personal bias, prejudice, or lack of impartiality.

Because Weston has not specified any conduct on the part of the three judges he seeks to recuse that calls into question their impartiality or indicates that they have a personal bias or prejudice against Weston, his motion should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: *Lindsey McCulley*
Lindsey McCulley
Assistant United States Attorney
United States Attorney's Office
36th South Charles Street, 4th Floor
Baltimore, MD 21202
(410) 209-4800 (telephone)

John Sullivan
Senior Litigation Counsel
U.S. Department of Justice
Tax Division

Filed: June 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June 2022, a copy of the Government's Opposition to Defendant's Motions or Recusal will be placed in the mail to Sean Weston at his residence on Glen Hannah Court in Windsor Mill, Maryland.

*Lindsey McCulley*
Lindsey N. McCulley
Assistant United States Attorney