IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

    vs.     *     Crim. No.   GLR-19-318

SEAN WESTON     *

****** 

## MEMORANDUM ORDER

This matter came before the undersigned for two attorney inquiry hearings, which were conducted on November 22, 2022, and January 4, 2023. At each hearing, defendant Sean Weston requested that the Court discharge his appointed counsel and appoint new counsel to represent him in this matter. Mr. Weston's request was denied at both hearings. During a subsequent telephone conference on January 6, 2023, I afforded Mr. Weston the opportunity to submit by the following week documents he deemed relevant to his relationship with his appointed attorney for consideration in his continuing request for a new attorney. Mr. Weston stated that he would submit the materials *ex parte* by the following week, which ended on January 13, 2023, and provide a copy to his appointed counsel. To date, the Court has not received any submission by Mr. Weston. By this Memorandum Order, the Court confirms its decision to deny Mr. Weston's request for the appointment of new counsel.

Mr. Weston is charged in a 15-count Fourth Superseding Indictment with several felony and Class A misdemeanor offenses. ECF No. 772. The Sixth Amendment of the United States Constitution guarantees Mr. Weston the assistance of counsel in his defense. *United States v. Roof*, 10 F.4th 314, 351 (4th Cir. 2021), *cert. denied,* No. 21-7234, 2022 WL 6572117 (U.S. Oct. 11, 2022). The same constitutional provision also gives Mr. Weston the right to represent himself

if he voluntarily and intelligently elects to do so. *Id.* (citing *Faretta v. California*, 422 U.S. 806, 834–36 (1975)). Mr. Weston stated unequivocally at both recent attorney inquiry hearings that he chooses to exercise his right to counsel and elects not to represent himself. Finding that Mr. Weston qualifies for the appointment of counsel, judges of this Court have appointed a series of no less than eight qualified and experienced criminal defense attorneys to represent him. During both of the recent attorney inquiry hearings, and several prior hearings before other judges of this Court, Mr. Weston expressed dissatisfaction with each if his prior appointed attorneys and noted that he has been unable to retain an attorney to represent him in this case.[1] David Fischer, Esquire was appointed to represent Mr. Weston on August 16, 2022, and since November 2022, Mr. Weston has maintained a request for Mr. Fischer's dismissal and the appointment of new counsel.

A criminal defendant "does not have an absolute right to substitution of counsel." *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). A request for appointment of new counsel must be supported by good cause. *Id.* When presented with such a request, a court should consider "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint about counsel; and (3) whether the conflict between attorney and client amounts to a 'total lack of communication.'" *United States v. Gardner*, 417 F. Supp. 2d 703, 718 (D. Md. 2006) (quoting *Mullen*, 32 F.3d at 895). The request may be denied when the conflict between the defendant and his attorney "is caused by the defendant's own unwarranted behavior." *Id.* (citing *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994)).

Here, as to timeliness, Mr. Weston's request first came at an early point in Mr. Fischer's representation, and no trial date is currently set in the case. However, having conducted

---

[1] Mr. Weston retained counsel at an earlier stage of this case, but his retained counsel moved to withdraw in February 2020. ECF No. 266. The motion was granted. ECF No. 270.

extensive inquiries into contacts and communications between Mr. Weston and Mr. Fischer, I find that the conflict and lack of communication between them is owed to Mr. Weston's unwarranted refusal to collaborate with Mr. Fischer in the defense of his case. During two lengthy attorney inquiry hearings on November 22, 2022, and January 4, 2023, Mr. Weston was given ample opportunity on a sealed record to justify his decision not to work with Mr. Fischer. Mr. Weston failed to provide any legitimate, non-frivolous reason for his position or good cause for discharging Mr. Fischer. *Cf. United States v. Ductan*, 800 F.3d 642, 652 (4th Cir. 2015) ("*Frazier-El* counsels that a court must insist on appointed counsel against a defendant's wishes in the absence of an unequivocal request to proceed pro se, or when the basis for the defendant's objection to counsel is frivolous.") (citing *United States v. Frazier-El*, 204 F.3d 553 (4th Cir. 2000)). For this reason and others stated during the hearings on November 22, 2022, and January 4, 2023, Mr. Weston's request to discharge his appointed counsel and to have new counsel appointed is DENIED.

| | |
|---|---|
| January 31, 2023 | /S/ |
| Date | Matthew J. Maddox |
| | United States Magistrate Judge |