IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-0318 |
| | * | |
| SEAN WESTON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION TO
## EXCLUDE TIME PURSUANT TO
## THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and Kenneth S. Clark, an Assistant United States Attorney for said district, and John Sullivan, Senior Litigation Counsel, U.S. Department of Justice, Tax Division, and respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161.

## BACKGROUND

1.  The Government has extensively reviewed the background of this case, the long history of Mr. Weston dismissing numerous appointed counsel, and the resulting issues with scheduling in prior motions to exclude time under the Speedy Trial Act. *See* ECF 163, 172, 305, 587, 788, 831, 841.  Most recently, on September 30, 2022, this Court granted the Government's motion to exclude time pursuant to the Speedy Trial Act through November 29, 2022.  ECF 843. That exclusion included the time through the hearing on Mr. Weston's motions that had been scheduled for that date. *Id.*

1

2.      Since that time, Mr. Weston has again raised concerns about his attorney. On October 3, 2022, the matter was referred to Magistrate Judge Matthew J. Maddox for an attorney inquiry hearing. ECF 844. That hearing was scheduled for November 15, 2022, in advance of the motions hearing. ECF 849. Due to Mr. Fischer's trial schedule, that hearing was then moved to November 22, 2022. *Id.* During the course of that hearing (most of which the Government was not present for) Mr. Weston continued to assert that he did not want Mr. Fischer to represent him and that he did not want to proceed *pro se*.

3.      On November 28, 2022, this Court issued an order vacating the motions hearing date. ECF 853-1. The Court noted in that Order that additional time was required for "Mr. Fischer to collaborate with his client in preparation for the motions hearing." *Id.* The Court asked Mr. Fischer to provide a status update within two weeks to determine whether an additional inquiry hearing was necessary. *Id.*

4.      On December 12, 2022, Mr. Fischer provided a status report. ECF 855. In that report, he explained that Mr. Weston "has made it crystal clear that he does not 'trust' the undersigned to represent him…[and] has ordered that the undersigned not file any 'motions' or other 'pleadings' on his behalf." *Id.* Mr. Fischer explained that "Mr. Weston advised that he does not want the undersigned 'representing' him in court proceedings, even in an advisory capacity." *Id.* Mr. Fischer asked that the Court schedule a further inquiry hearing and noted that Mr. Weston "was very willing to act *pro se*." *Id.*

5.      The Court again referred the matter to Magistrate Judge Maddox, ECF 856, and a further attorney inquiry hearing was held on January 4, 2023, with a follow up telephone conference on January 6, 2023. ECF 857, 858. Judge Maddox issued a written opinion denying Mr. Weston's request for new counsel on January 31, 2023. ECF 859. In that opinion, Judge

Maddox made clear that, "Mr. Weston stated unequivocally at both recent attorney inquiry hearings that he chooses to exercise his right to counsel and elects not to represent himself." *Id.* at 2. Moreover, although Mr. Weston has consistently demanded that he will not work with Mr. Fischer, "Mr. Weston failed to provide any legitimate, non-frivolous reason for his position or good cause for discharging Mr. Fischer." *Id.* at 3.

6. The Court has set a conference call with the parties on February 21, 2023 to address scheduling in this matter.

7. Although Weston's pending motions automatically toll the calculations under the speedy trial act under 18 U.S.C. § 3161(h)(1)(D), the Government is filing this motion to toll the speedy trial act calculation through the date of the scheduling conference, February 21, 2023, because the ends of justice are served by the granting of such continuance under 18 U.S.C. § 3161(h)(7).

## DISCUSSION

### LEGAL STANDARD

8. The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

9. Although Section 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive. *See* 18 U.S.C. § 3161(h)(1) (excluding from computation "[a]ny period of delay resulting from **other proceedings** concerning the defendant, ***including but not limited to—***") (emphasis added). That section has been interpreted to include a number of different proceedings and events concerning a defendant, including delays resulting from plea negotiations. *See United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014) ("We have interpreted 'other proceedings' to include plea negotiations.") (citing 18 U.S.C. § 3161(h)(1)).

10. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

11. In addition, 18 U.S.C. § 3161(h)(7)(B) provides that the factors that a judge should consider include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
> (iii) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

## ARGUMENT

12. Here, the time between November 29, 2022 and February 21, 2023 should be excluded from the Speedy Trial Act based on the specific circumstances of this case.

13. The Government was prepared for a motions hearing on November 29, 2022. That was continued because Mr. Weston had refused to work with his appointed counsel, Mr. Fischer. As discussed above, since that time, Mr. Weston has continued to object to Mr. Fischer's representation, which has required numerous hearings and conferences. As a result of that, counsel for Mr. Weston has been unable to work with Mr. Weston to prepare for the motions hearing. At the same time, Mr. Weston has regularly insisted that he did not want to proceed *pro se*.

14. The case is complex. It consists of a 15-count indictment with charges related to drug paraphernalia, tax evasion, and money laundering. The discovery is voluminous. As a result, preparation for a motions hearing and trial will require significant amounts of time.

15. The concerns about representation for Mr. Weston and the ability of that counsel to prepare for the motions hearing have been the driving force behind the need to postpone the motions hearing and other dates. Given the entire understanding of this case, the ends of justice served by the continuance in this case outweigh the best interest of the public and the defendant in a speedy trial.

16. David Fischer, Esq. will defer to the Court on this requested exclusion.

## CONCLUSION

17. Based on the foregoing, the Court should enter a case-specific order finding that the time between **November 29, 2022 and February 21, 2023** is excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(h)(7). This is in an abundance of

caution given that the time is automatically excluded under 18 U.S.C. § 3161(h)(1)(D) until the Defendant's pending motions are decided. However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. A proposed Order is submitted herewith.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney


By:    /s/
        Kenneth S. Clark
        Assistant United States Attorney
        United States Attorney's Office
        36th South Charles Street, 4th Floor
        Baltimore, MD 21202
        (410) 209-4800 (telephone)

        John Sullivan
        Senior Litigation Counsel
        U.S. Department of Justice
        Tax Division

Filed ECF: February 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2023, a copy of the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act and Proposed Order was electronically filed using CM/ECF, which provides notice to the Defendant's attorney, David Fischer, Esq.

/s/
Kenneth S. Clark
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-0318 |
| | * | |
| SEAN WESTON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*

## ORDER

Having considered the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act ("the Government's Motion"), and good cause appearing, the Court hereby FINDS AS FOLLOWS to confirm the factors that had been considered by the Court as a part of the continuances in the case since November 28, 2022:

1. On June 27, 2019, a grand jury returned an indictment against Sean Weston and numerous other defendants. The Defendant had his initial appearance on July 17, 2019. The Court has previously excluded, for good cause and to serve the ends of justice, July 17, 2019 through November 29, 2022 from the Speedy Trial Act calculation. *See* ECF 171, 173, 306, 588, 843.

2. In light of the complexity of the case, counsel for the defendant will require significant time to properly prepare for the motions hearing, determine what (if any) additional motions may need to be filed, and prepare for trial.

3. As a result of Mr. Weston's on-going issues with any appointed or retained counsel, he has been unwilling to work with prior counsel or Mr. Fischer, who is the ninth attorney to enter an appearance in this case on behalf of Mr. Weston. As detailed on the docket, and in the Government's motion, attempting to address Mr. Weston's concerns in an effort to ensure that Mr.

Weston is represented (he has refused to handle the case *pro se*) and that counsel can adequately prepare for the case, has necessitated postponing the motions hearing that had been scheduled for November 29, 2022.  Mr. Weston's requests for a tenth attorney have now been addressed and denied.  The Court and the parties anticipate scheduling the motions hearing (and other necessary dates) on February 21, 2023.

4. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

5. Accordingly, the Court determined – at the time that the November 29, 2022 motions hearing was vacated and since that point as additional hearings have been required – and now confirms that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. Therefore, for good cause shown, and having found that the ends of justice served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the defendant, and the public, in a speedy trial, the time period of **November 29, 2022 and February 21, 2023**, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(7).

6. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence

IT IS SO ORDERED.

Signed this_____of February 2023.

_____
The Honorable George L. Russell, III
United States District Court Judge