IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-0318 |
| | * | |
| SEAN WESTON, | * | |
| | * | |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE

The United States of America moves *in limine* to admit evidence during trial under Rule 404(b) of the Federal Rules of Evidence.

## FACTUAL BACKGROUND

From in or about 2015 to in or about 2018, the Defendant owned the North West Variety Store, located at 1338 W. North Avenue, Baltimore, Maryland. Among other items, the North West Variety Store sold empty gel capsules, colored plastic tops, dust masks, metal strainers, electric weighing scales, razor blades, mannite, and quinine. In March 2019, law enforcement lawfully seized 670 mannite bars, various packaging material, black scales, bands for currency, razor blades, metal strainers, ledgers reflecting customer purchases from the store, and a loaded shotgun from the North West Variety store. On July 17, 2019, law enforcement lawfully seized bulk quantities of empty gel capsules, thousands of different colored glass vial tops, quinine addressed to the Defendant, $13,800 in cash, several pieces of expensive jewelry, five firearms, and ammunition from the Defendant's residence.

Between 2015 and 2019, the Defendant knowingly and willfully purchased hundreds of kilograms of quinine from China. Quinine's only approved use is a prescription medication for the treatment of uncomplicated malaria. Importation of quinine for any other use is illegal. It is

banned as an over the counter medication and has been since 2006. The quinine the Defendant imported, purchased, and sold constitutes drug paraphernalia under 18 U.S.C. § 863. In 2015, to accomplish his illegal importation of quinine, the Defendant communicated with his foreign supplier of the quinine, requesting that the quinine not be labelled as quinine and instead be labelled as "beta glucan." In February 2016, the government sent one of the packages of quinine back to China because it was discovered to be quinine. The Defendant continued to order quinine from this foreign supplier after this date and into 2019, and continued to request that it be shipped with a label as something other than quinine.

During the calendar years 2015 through 2018, the North West Variety Store had significant profits that represented income on which the Defendant owed significant taxes to the United States. In order to conceal this income from the Internal Revenue Service ("IRS"), the Defendant conducted his finances substantially in cash. For example, from 2015 through 2018, the Defendant used at least $42,835 in U.S. currency to pay the monthly rent for the Northwest Variety Store. Moreover, between 2015 and 2018, the Defendant deposited hundreds of thousands of dollars of U.S. currency into two personal bank accounts. The IRS calculates that the Defendant earned net profits in excess of $324,000 from the North West Variety Store for tax years 2016 through 2018. In addition, through 2017, Weston earned income as a water treatment operator for the Army Corps of Engineers.

For the tax years 2016 through 2018, when Weston was a resident of Maryland, he willfully attempted to evade and defeat income tax due and owing to the United States for each calendar year, by receiving taxable income, upon which there was income tax due and owing to the United States, and knowing the foregoing facts, he attempted to conceal his income by dealing substantially in cash, and failed to make an income tax return by the tax deadline set by the IRS

each year and pay the income tax due and owing to the IRS.

In or about May 2017, the Defendant asked Individual 1 to prepare a 2016 Form 1040, U.S. Individual Income Tax Return, for the Defendant. Individual 1 prepared the tax return based on information obtained from the Defendant. The 2016 Form 1040, U.S. Individual Income Tax Return reflected adjusted gross income of $358,984. The Defendant did not file this tax return with the IRS, but instead used it solely in connection with leasing a 2014 Bentley Flying Spur with a fair market value exceeding $139,000.

## ARGUMENT

### I. Weston's Prior Paraphernalia Conviction Should be Admitted under Federal Rule of Evidence 404(b) to Prove Knowledge of Possession.

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is admissible for any valid purpose, including to prove motive, intent, plan, knowledge, modus operandi, and lack of mistake. *See United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Fed. R. Evid. 404(b)). This type of evidence is not admissible to prove a defendant's character or propensity to commit a crime. *Id.* But Rule 404(b) is a rule of inclusion, "admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Young*, 248 F.3d 260, 271–72 (4th Cir. 2001) (internal quotation marks and citation omitted).

The Rule 404(b) inquiry, however, applies only to evidence of other acts that are "extrinsic to the one charged." *United States v. Chin,* 83 F.3d 83, 87 (4th Cir.1996). The rule does not affect the admission of evidence that is "intrinsic to the alleged crime." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks omitted). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense," *id.* (internal quotation marks omitted), or if it is "necessary to complete the story of the

3

crime on trial," *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted). *See also Chin,* 83 F.3d at 88 (noting "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged" (internal quotation marks omitted)). Evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir. 2007).

For extrinsic evidence to be admissible under Rule 404(b), the proffered evidence must be (i) relevant to an issue other than character (*e.g.*, knowledge, intent, motive, opportunity, modus operandi, or absence of mistake); (ii) necessary to prove an element of the crime charged; and (iii) reliable. *United States v. Queen*, 132 F.3d 991, 995, 995 (4th Cir. 1997); *see also United States v. Siegel*, 536 F.3d 306, 317–18 (4th Cir. 2008). In addition, "the probative value of the evidence must not be substantially outweighed by its prejudicial effect," which "involves a Rule 403 determination." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010); *Queen*, 132 F.3d at 995.

*A. Weston's prior possession of paraphernalia conviction is relevant to prove knowledge.*

Other acts evidence can be admitted to prove evidence of knowledge and intent. Fed. R. Evid. 404(b); *Queen*, 132 F.3d at 994-95. "[T]he more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." *Id* at 998; *see also United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988) (evidence is relevant if it is "sufficiently related to the charged offense").

"[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Brown*, 398 F. App'x 915, 917 (4th

4

Cir. 2010) (quoting *United States v. Cassell,* 292 F.3d 788, 793 (D.C. Cir. 2002)). For example, in firearms possession cases, the Fourth Circuit and numerous other circuit courts have held that "past possession of a firearm is relevant to proving intent." *United States v. Comstock*, 412 F. App'x 619, 624 (4th Cir. 2011) (citing *United States v. Moran,* 503 F.3d 1135, 1144 (10th Cir. 2007) ("[T]he fact that [defendant] *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."); *United States v. Walker,* 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent...."); *United States v. Jernigan,* 341 F.3d 1273, 1281 (11th Cir. 2003) ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)."); *United States v. Cassell,* 292 F.3d 788, 794–95 (D.C. Cir. 2002) ("A prior history of intentionally possessing guns ... is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.").

Here, Weston is charged with knowingly selling and offering to sell drug paraphernalia, in violation of 21 U.S.C. § 863(a)(1), knowingly using the mails and other facilities of interstate commerce to transport drug paraphernalia, in violation of 21 U.S.C. § 863(a)(2), and conspiracy to commit those crimes, in violation of 21 U.S.C. § 846. Weston was convicted of "CDS:Possession of Paraphernalia" in 1999. This conviction involves the same act at issue in this case—namely, possession of drug paraphernalia. The Government in this case will need to show that Weston's selling and transporting of drug paraphernalia were "knowing." The Government should be allowed to demonstrate that knowledge by showing that Weston knows what possession

of drug paraphernalia means given that he possessed drug paraphernalia on previous occasions. *Cf. United States v. Trent*, 443 Fed. Appx. 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and four years prior where, like the case before it, the defendant fled from the police in his vehicle and tried to dispose of those handguns); *United States v. Comstock*, 412 Fed. App'x 619, 624 (4th Cir. 2011) (affirming Rule 404(b) admission of video of defendant walking around with at least one hunting rifle in felon-in-possession case, where he argued that he did not have knowledge of pistols in the trunk of his car); *United States v. Brown*, 398 Fed. App'x 915, 917 (4th Cir. 2010) (per curiam) (concluding that evidence of the defendant's prior possession of firearms was admissible and probative as to his intent to exercise dominion and control over firearm in case where government sought to prove constructive possession under § 922(g)); *United States v. McDonald*, 211 Fed. App'x 222, 225 (4th Cir. 2007) (per curiam) (holding that evidence that defendant "had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun recovered here").

> B. *The Evidence of Prior Paraphernalia Possession is Probative of an Essential Element of the Crime.*

Evidence is necessary "where it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *See, e.g.*, *United States v. Byers*, 649 F.3d 197, 209 (4th Cir. 2011); *see also United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). In the case of prior possession, the evidence is "necessary in the sense that it is probative of an essential claim or an element of an offense" because it speaks to [the defendant's] state of mind. *United States v. Trent*, 443 Fed. Appx. 860, 863 (4th Cir. 2011). "[A] logical connection exists between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or

accidental)." *United States v. Jernigan,* 341 F.3d 1273, 1281 (11th Cir. 2003).

Here, to prove Weston's guilt, the Government is required to establish his knowing sale and transportation of the paraphernalia beyond a reasonable doubt. By pleading not guilty in this case, Weston has placed his knowledge and intent in dispute. *See, e.g.*, *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent."); *United States v. Robinson*, 2001 WL 789083 at *1 (4th Cir. Jul. 12, 2001) ("Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue …"). This makes the proffered 404(b) evidence that Weston possessed paraphernalia on another occasion in 1999 probative of an essential element of the charged crime.

### C. The Evidence of Prior Possession of Paraphernalia is Reliable

Evidence is reliable if it has a sufficient factual basis that it could conceivably be credited by "a rational and properly instructed juror." *United States v. Bailey*, 990 F.2d 119, 123 (4th Cir. 1993). Here, the Government intends to prove Weston's prior paraphernalia conviction from 1999 through the court records of the conviction. These records reliably show that Weston previously possessed drug paraphernalia.

### D. The Evidence is Not Unfairly Prejudicial

The fact that evidence is prejudicial or harmful to a defendant's case is not a basis for exclusion. *See, e.g., United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998); *Siegel*, 536 F.3d at 319 ("[A]ll evidence suggesting guilt is prejudicial to a defendant … that kind of general prejudice, however, is not enough to warrant exclusion of otherwise relevant, admissible evidence."); *cf. United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) ("To the extent that the defendant perceives Rule 403 as a tool designed 'to permit the Court to "even out" the weight

of the evidence, to mitigate a crime, or to make a contest where there is little or none,' he is mistaken."). Evidence is subject to exclusion under Rule 403 only where it is *unfairly* prejudicial—that is, only where the evidence is of such a character that it results in an undue tendency to suggest decision on an improper basis. Fed. R. Evid. 403, Advisory Committee Notes to 1972 Amendments; *see also Queen*, 132 F.3d at 997 ("[T]he evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.").

The Fourth Circuit has suggested that, "[g]enerally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.'" *United States v. Beyers*, 649 F.3d 197, 210 (4th Cir. 2011) (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995)). Conduct that is substantially similar to the charged offense lessens the danger that the jury will be provoked to behave irrationally. *United States v. Comstock*, 412 F. App'x 619, 625 (4th Cir. 2011).

Here, prior paraphernalia possession fits squarely within relevant and admissible "other crimes" evidence to prove that the sale and transportation at issue was with knowledge and was intentional. This is precisely the kind of "other acts" evidence commonly admitted in this Circuit. *See, e.g., United States v. Melvin*, 2007 WL 2046735 at *13–14 (4th Cir. Jul. 13, 2007) (affirming district court's admission of evidence of the circumstances of a prior felony conviction for transportation of a firearm as evidence of knowledge and intent in a subsequent felon-in-possession case); *United States v. Allen*, 2007 WL 840482 at *1 (4th Cir. Mar. 20, 2007) (affirming district court's finding that evidence of the defendant's prior assaults and prior gun possession was admissible at a subsequent trial on felon-in-possession charges); *United States v. Burton*, 2005 WL

8

3105681 at *1–2 (4th Cir. Nov. 21, 2005) (affirming district court's admission of a stipulation describing the defendant's three prior convictions for illegal possession of a firearm, where such prior convictions were admitted as proof of the knowledge and intent elements of a felon-in-possession charge). The prior conduct is the same as the conduct charged, simply possessing a firearm, meaning it is no more sensational than the charged crime. The Court should permit the Government to introduce Weston's prior felon in possession of a firearm conviction from 1999.

Further, to address any danger of unfair prejudice, the Court should provide a limiting instruction informing the jury that it can only consider the evidence for the purpose of determining whether the defendant acted knowingly and intentionally and not because of some mistake or accident. *See, e.g., United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003) ("[A] careful limiting instruction significantly ameliorated any possible unfair prejudice."); *United States v. Powers*, 59 F.3d 1460, 1468–69 (4th Cir. 1995) (noting that cautionary or limiting instructions generally obviate prejudice).

### II. Weston's Prior Actions and Statements are Also Admissible Under 404(b) to Demonstrate His Willful Violation of Tax Law.

The indictment also charges Weston with attempted tax evasion (Counts 8, 10, 12, and 14) and failure to file tax returns (Counts 9, 11, and 13). To obtain convictions on these counts, the Government is required to prove specific intent, namely, that Weston willfully committed these offenses. *See*, *e.g.*, *United States v. Ostendorff*, 371 F.2d 729, 730 (4th Cir. 1967) (failure to file case). Willfulness in criminal tax violations is defined as a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360 (1973).

In tax evasion cases, a defendant's acts and statements related to his potential income taxes are relevant to prove willfulness. In *United States v. Hazelrigg*, 654 F. App'x 341, 345 (9th Cir.

9

2016), the defendant, Hazelrigg, concealed his control of a particular residence during the IRS collection period to avoid tax collection but subsequently held himself out as the owner. *Id*. The Ninth Circuit held that these acts were "necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* (internal citation and quotation marks omitted).

Here, the Government intends to prove Weston's knowledge and intent by offering evidence at trial of various wrongs and acts committed by Weston that are not charged in the indictment. Although some of this evidence may be intrinsic to the charged offenses, out of an abundance of caution the Government provides notice of intent to use the following evidence at trial.

### A. Prior Filed Tax Returns

The Government intends to offer evidence that Weston filed tax returns with the IRS for tax years 2014 and 2015 that reported gross receipts from the North West Variety store located at 1338 W. North Avenue in Baltimore.

To meet its burden, the Government must show Weston's willful violation – i.e., his "voluntary, intentional violation of a known legal duty." *Cheek*, 498 U.S. at 199. Evidence that Weston previously filed tax returns will demonstrate knowledge of his duty to file tax returns.

Moreover, the evidence offered, in the form of official IRS copies of the Forms 1040 filed by Weston for 2014 and 2015, is reliable evidence that could conceivably be credited by "a rational and properly instructed juror." *Bailey*, 990 F.2d at 123. Moreover, this evidence, although probative of an element of the crime, cannot be said to be unfairly prejudicial. Fed. R. Evid. 403.

### B. Draft Tax Returns

The Government also intends to offer evidence that Weston failed to report income on his

2014 tax return. Specifically, on March 15, 2015, Weston's tax preparer sent Weston a 2014 tax return stamped with "Do Not File Client Copy." The return reported $260,128 of gross receipts for the North West Variety store, a profit of $95,619, adjusted gross income of $153,255, and total tax of $35,468. On March 23, 2015, Weston filed a 2014 tax return with the IRS that reported lower amounts of gross receipts and income. The return reported $4,000 of gross receipts for the North West Variety store, a loss of $15,576, adjusted gross income of $46,776, and total tax of $0.

To meet its burden, the Government must show Weston's willful violation – i.e., his "voluntary, intentional violation of a known legal duty." *Cheek*, 498 U.S. at 199. Evidence that Weston previously filed tax returns will demonstrate knowledge of his duty to file tax returns.

Moreover, similar to the evidence of his filed tax returns, evidence showing that Weston had an accountant prepare tax returns that Weston chose not to file with the IRS is reliable evidence that could conceivably be credited by "a rational and properly instructed juror." *Bailey*, 990 F.2d at 123. Moreover, this evidence, although probative of an element of the crime, cannot be said to be unfairly prejudicial. FED. R. EVID. 403.

C. *Evidence that Weston Represented that He Earned Significant Income from the North West Variety Store and Signed a False Financial Statement*

The Government will offer evidence that Weston stated on numerous credit applications that earned significant income from the North West Variety store and signed a false financial statement that understated his income. Specifically, the Government will present at least the following:

  i. On August 4, 2016, Weston signed an application to obtain financing for the purchase of a 2013 Mercedes-Benz GL stating that he was employed by the North West Variety store and was paid an annual salary of $180,000;

  ii. In May 2017, Weston provided a copy of an unfiled 2016 tax return to a car dealership in connection with leasing a 2014 Bentley Flying Spur. The return reported $751,557 of gross receipts for the North West Variety store, a profit of $304,996, adjusted gross income of $358,984, and total tax of $110,358. Weston

11

  also represented that he was employed by the North West Variety store and was paid an annual salary of $180,000; and

 iii. On July 20, 2017, Weston signed a false financial statement under penalties of perjury stating that his total monthly income before taxes was $0, despite the fact that he had deposited $16,452 of cash into his personal bank accounts during June 2017.

To meet its burden, the Government must show Weston's willful violation – i.e., his "voluntary, intentional violation of a known legal duty." *Cheek*, 498 U.S. at 199. Evidence that Weston represented to car dealerships that he had significant income from the operation of his business will demonstrate knowledge of his duty to file tax returns. In addition, the fact that he signed a false financial statement understating his income will demonstrate his intent to evade income taxes. All of this evidence is reliable and could conceivably be credited by "a rational and properly instructed juror." *Bailey*, 990 F.2d at 123. Finally, this evidence, although probative of an element of the crime, cannot be said to be unfairly prejudicial. FED. R. EVID. 403.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant this motion and permit admission of the Defendant's prior paraphernalia conviction and tax-related conduct under Rule 404(b).

                Respectfully submitted,

                ___/s/_____
                Kenneth S. Clark, Assistant U.S. Attorney
                36 South Charles St., 4th Floor
                Baltimore, MD 21201
                410-209-4800

                John Sullivan
                Senior Litigation Counsel
                U.S. Department of Justice
                Tax Division

                Filed: August 25, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of August 2023, a copy of the Government's Motion in Limine to Introduce Evidence Under Rule 404(b) was delivered to all counsel of record via ECF.

                                                 ____/s/_____
                                                 Kenneth S. Clark
                                                 Assistant United States Attorney