_____ FILED     _____ ENTERED
_____ LOGGED   _____ RECEIVED

SEP 2 1 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CASE NO.: GLR-19-318 |
| SEAN WESTON | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO QUASH THE GOVERNMENT'S TRIAL SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

Non-party, the Baltimore County Office of Child Support, by and through its undersigned attorneys, pursuant to Federal Rules of Criminal Procedure 16(d)(1) and 17(c)(2), hereby moves this Honorable Court to quash the Government's Trial Subpoena to Testify at a Hearing or Trial in a Criminal Case or, in the alternative, enter a Protective Order authorizing access to such limited records as this Court deems relevant and essential to this case, limiting disclosure of said records to only the parties and trier(s) of fact in this case, and requiring the sealing of all information that is ordered to be disclosed up until the time such information is admitted at a hearing, trial or sentencing and in support thereof states:

### Relevant Procedural History

1.      The above-captioned case involves allegations that the Defendant engaged in money laundering and multiple counts of tax evasion, in violation of 18 U.S.C. §§ 2 and 1957(a) and 26 U.S.C. § 7201.

2.      On or about August 14, 2023, the Maryland Office of the Attorney General received a subpoena from the Government commanding the Baltimore County Office of Child Support (hereinafter "the Office")[1] to produce certain records and testimony related to a child support case involving the Defendant.

3.      The subpoena – attached hereto as Exhibit 1 and incorporated herein – requires disclosure of "[a]ll documents and records in [the Office's] possession or control relative to the payment of child support by [the Defendant]." The records requested include, but are not limited to, the following: dates of payment; amounts of payment; method of payment (cash, check, credit, etc.); and "[i]nformation in any files associated with [the Defendant] relating to his sources of income and financial condition, including but not limited to financial statements, income statements, lists of assets and liabilities, and statements made by him."

4.      The subpoena, issued to the Office to the attention of Adina Tanasescu, also commands the Office to appear at the Defendant's trial scheduled for October 30, 2023 with said records. However, the subpoena also notes that an appearance at trial may not be required if the Office "provide[s] in advance of trial the requested materials with a business records certification[.]" Exhibit 1.

5.      The Office's counsel and the Government's counsel have conferred prior to the filing of this motion. The Government has agreed to narrow the scope of the records

---

[1] The Office is part of the Child Support Administration of the Maryland Department of Human Services. Md. Code Ann., Fam. Law §§ 10-106 & 10-114(a)(3) (LexisNexis 2019).   The Office of the Attorney General represents the Office in accordance with Article V, Section 3 of the Maryland Constitution.

requested in the subpoena to those only involving cash payments received by the Office from the Defendant, financial reconciliations, and records that the Office may possess concerning the assets of the Defendant.  At this point, the Government is still seeking records and testimony.

**Argument**

6.     The Office's records contain sensitive personal information concerning families and individuals served by the Office.  Records and information, which concern applicants for, or recipients of, social services are confidential and are protected against disclosure pursuant to section 1-201(a) of the Human Services Article of the Maryland Annotated Code, which provides "a person may not disclose any information concerning an applicant for or recipient of social services. . . that is directly or indirectly derived from the records, investigations, or communications of the State, a county or a municipal corporation. . . or that is acquired in the course of the performance of official duties."

7.     State regulations implementing section 1-201 *supra* specify that "a custodian shall deny a request for disclosure of any information or record concerning an applicant for service or customer under  .  .  .  Child Support Enforcement.  .  .  ." COMAR 07.01.07.04(A)(5).

8.     There are only two exceptions to the statutory prohibition:  when the disclosure occurs for the administration of certain government programs or pursuant to a court order.  Md. Code Ann., Human Servs. § 1-201(b).  Unauthorized disclosure is a criminal offense, punishable by up to 90 days' imprisonment, a fine of up to $500.00, or both.  *Id.* § 1-201(c); *see also* COMAR 07.01.07.10.

9.      As a condition to the State of Maryland receiving federal money to administer its child support program under Title IV-D of the Social Security Act, federal law requires that the State provide safeguards restricting the use or disclosure of information concerning individuals assisted under that program to purposes directly connected with the child support or other social services programs.  See 42 U.S.C. § 651 *et seq.*  The Office, which is responsible for the enforcement of child support obligations in Baltimore County is prohibited from disclosing "any information relating to a specified individual" that is "obtained in connection with the performance of IV-D functions, outside the administration of the IV-D program."  45 C.F.R. § 303.21(a) and (c).  Violation of these provisions subjects a person to State and federal sanctions.  45 C.F.R. § 303.21(f).

10.     The information requested in the subpoena falls within the categories of information the Office is required to protect from disclosure.  Therefore, when served with a subpoena for child support records or for an agency representative to testify concerning an applicant or recipient of child support services, the Office must call the Court's attention to the statutory provisions, policies, rules, and regulations that protect against disclosure of such confidential information.     COMAR   07.01.02.06(A). Moreover, the Office must "[a]sk the court for permission not to comply with the subpoena."  *Id*.  Therefore, the Office opposes the production of the requested testimony and records and asks this Court to quash the subpoena.

11.     In the event that this Court concludes that the subpoenaed testimony and documents are relevant to the instant proceeding, the Office seeks a protective order limiting disclosure to only the information essential to this matter, limiting the disclosure

to only the parties and the trier of fact(s) involved in this matter, and requiring the sealing of all information that is ordered to be disclosed up until the time such information is admitted at a hearing, trial or sentencing.

WHEREFORE, the Office respectfully requests the following relief:

A. That the Government's Trial Subpoena to Testify at a Hearing or Trial in a Criminal Case be quashed; or, in the alternative,

B. Enter a protective order limiting disclosure to only the information essential to this matter, limiting the disclosure to only the parties and the trier(s) of fact involved in this matter, and requiring the sealing of all information that is ordered to be disclosed up until the time such information is admitted at a hearing, trial or sentencing.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

BOBBI WALLACE
Assistant Attorney General
Federal Bar No. 29598
Office of the Attorney General
311 West Saratoga Street, Suite 1015
Baltimore, MD  21201
Phone: (410) 767-7767
Fax: (410) 333-0026
bobbi.wallace1@maryland.gov

Attorneys for the Baltimore County
Office of Child Support

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2023, a copy of the

foregoing was mailed first-class, postage prepaid to

Kenneth S. Clark, Esq.
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201

Special Agent Joaquin Sequeira
IRS-CI
6010 Executive Boulevard, Suite 600
Rockville, MD  20852

David W. Fischer, Esq.
Fischer & Putzi, PA
Empire Towers, Suite #300
7310 Governor Ritchie Highway
Glen Burnie, MD 21061
Counsel for the Defendant

Bobbi Wallace

6