IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN WESTON | Case No. GLR-19-318 |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### MOTION TO QUASH TRIAL SUBPOENA

The United States of America respectfully responds in opposition to the Baltimore County Office of Child Support's Motion to Quash the Government's trial subpoena. That subpoena directed a trial witness, the Baltimore County Office of Child Support Enforcement ("the Office"), to provide relevant records and testimony related to the defendant's child support payments, his income, and financial statements. The requested records and witness are available and providing them is not unreasonable or onerous, but the Office cannot provide them without a court order. Because they are directly relevant to the matter at hand, this Court should issue an order denying the motion to quash. Any potential concerns about the use of the records can be addressed by issuing the attached proposed Protective Order.

The party seeking the subpoena "bears the burden under *Nixon* of showing that the material he has subpoenaed meets the requirements of '(1) relevancy; (2) admissibility; [and] (3) specificity.' … The subpoena duces tecum must be "made in good faith and [must] not [be] intended as a general 'fishing expedition.'" *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)); *see also United States v. Crosland*, 821 F. Supp. 1123, 1128 (E.D. Va. 1993) (same). In addition, Federal Rule of Criminal

1

Procedure 17 also provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2).

As an initial matter, the Office does not assert that compliance with the subpoena would be "unreasonable or oppressive." Rather, it can comply, but – as noted in its motion – it requires a court order to be in compliance with its statutory limitations. As discussed below, because the subpoena – especially as per the agreed limitations noted in the Office's motion – meets the requirements of *Nixon*, the Court should deny the motion to quash.

In this case, the defendant is charged with attempted tax evasion (Counts 8, 10, 12, and 14) and failure to file tax returns (Counts 9, 11, and 13). The Government intends to rely on the cash method of proving unreported income as part of proving these counts. In essence, the cash method of proof compares cash expenditures with known cash sources. The first step is to identify all known cash expenditures and add them together. Second, taxable and nontaxable cash sources are added together. These sources would include any cash accumulated and on hand at the beginning of the tax period in question. If (1) cash expenditures exceed (2) cash sources during the period in question, it may be inferred that the excess amount is unreported income as long as the evidence establishes a likely source of taxable cash income. Thus, expenditures of cash by the defendant, including any cash used to pay child support as called for in the subpoena, are directly relevant to the charges in this case. Moreover, any representations made by the defendant about his income (including those made to the Office) would be relevant to proving his income and showing whether he willfully failed to file tax returns.

The information sought is also admissible. Records of cash payments made by the defendant, and a witness to identify those cash payments, will be direct and admissible evidence of those payments. FED. R. EVID. 803(6). Moreover, the defendant's own representations related

to his income are party admissions about his income, which is directly relevant to his tax liability. Those too will be admissible. FED. R. EVID. 801(d)(2) (party admission).

Finally, the evidence sought is specific – particular in light of the limit that the parties have agreed to on the subpoena. The scope of the materials are limited to cash payments and representations of income, and a witness to address those. This limited set of information is both relevant and admissible.

The Office has indicated that it has responsive information that it will provide if the Court issues an Order compelling it to do so. Accordingly, the Government asks the Court to issue an Order directing the Office to comply with the trial subpoena and providing a protective order limiting disclosure of the information provided only to the parties and the trier of facts involved in this matter, and requiring the sealing of all information that is ordered to be disclosed up until the time such information is admitted at a hearing, trial, or sentencing. A proposed order is attached.

DATE: October 3, 2023                           Respectfully submitted,

                                                Erek L. Barron
                                                United States Attorney

                                        By:_____/s/_____
                                                Kenneth S. Clark
                                                Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. GLR-19-318 |
| SEAN WESTON | |

### ORDER TO COMPEL AND PROTECTIVE ORDER

This matter came before the Court on the Baltimore County Office of Child Support Enforcement's ("the Office's") Motion to Quash a Trial Subpoena or for a Protective Order. In its response, the Government seeks an Order denying the motion to quash, and an Order compelling the production of materials and, if necessary, a Protective Order.

Based on the representations in the Motion and Response, the Court finds there is a basis for such an Order.

Accordingly, it is hereby ORDERED that the Office's motion to quash is denied and it is required to comply with the federal trial subpoena, with the agreed-upon limitations identified in its motion.

It is FURTHER ORDERED that disclosure of the information sought by the subpoena is limited to only the parties and the trier of facts involved in this matter, and that the information that is disclosed be SEALED up until the time such information is admitted at a hearing, trial, or sentencing.

It is FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with two certified copies of the Motion and this Order.

1

DATE: October \_\_\_, 2023

_____
Hon. George L. Russell
United States District Judge