## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>Criminal No. GLR-19-0318</td></tr>
<tr><td>SEAN WESTON</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

Pending before the Court are a plethora of motions filed by the defendant individually. The government has responded to each of these motions. For the reasons outlined below the motions will be DENIED. No hearing is necessary. See Loc. R. 105.6 (D.Md. 2021).

Currently pending are several motions to dismiss for violations of the Speedy Trial Act. ECF Nos. 324, 803 and 810. The government filed a consolidated response. ECF No. 826. In addition to these motions, several other motions are pending related to dismissal of the superseding indictment for prosecutorial misconduct and vindictive prosecution as well as ineffective assistance of counsel. ECF Nos. 807, 808, 814 and 815. The government has responded to these motions at ECF No. 825. In addition, the Defendant has filed motions for return of property ECF Nos. 804 and 811. The government responded to these motions. ECF No. 821. Next, the Defendant filed a motion to suppress email evidence. ECF No. 806. The government responded to this motion at ECF 821. There are also various motions to suppress evidence ECF Nos. 805 and 806. The government opposed these motions as well.

1

ECF No. 821.

## SPEEDY TRIAL ACT.

The Speedy Trial Act 1794, 18 U.S.C. § 3161 et.seq., provides that "in any case in which a plea of not guilty is entered, the trial... shall commence within seventy days" from the later of (1) "the filing date of the information or indictment or (2) the Defendant's initial appearance before a judicial officer (i.e, the arraignment). Section 3161(c)(1). *United States v Tinklenberg,* 563 U.S. 647, 650 (2011*).* The Act provides for various circumstances under which time is excluded from this calculation. See 18 U.S.C. §3161(h). The delays that are automatically excluded are excluded "without district court findings" *Bloate v United States,* 559 U.S. 196, 203 (2010*).*

In addition to the automatic exclusions, there is a discretionary category of excludable time, known as the "ends of justice" exclusion under §3161(h). Under this exclusion, any period of delay resulting from a continuance is excluded if the judge granted such a continuance upon findings that the "ends of justice" are served and outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. §3161(h); *See also Zedner v United States,* 547 U.S. 489, 498-99(2006*).* In addition, the Speedy Trial Act calculation is tolled when pretrial motions are filed through the conclusion of the hearing or the prompt deposition of such motions. 18 U.S.C. §3161(h)(1)(D).

Applying these principles to the present case the excludable time referenced in the government's opposition was both reasonable and appropriate and fall within either automatic or discretionary exclusions under §3161. Further, delays caused by the filing of pretrial motions by this Defendant as well as other defendants; multiple attorney inquiry

2

hearings involving numerous counsel appointed to this Defendant as well as judicial

findings that the "ends of justice" outweigh the best interest of the public and the

Defendant in a speedy trial all toll the running of the Act. [1]For these reasons as well as

reasons contained within the opposition ECF Nos. 324, 803 and 810 will be DENIED.

## PROSECUTORIAL MISCONDUCT.

Next the Defendant has filed another group of motions to dismiss the fourth

superseding indictment for prosecutorial misconduct and selective as vindictive

prosecution. ECF Nos. 807, 808, 815. In addition, the Defendant filed a motion to dismiss

the fourth superseding indictment based upon ineffective assistance of counsel of previous

paid and appointed attorneys in his case. ECF No. 815. The government filed a

consolidated opposition to these motions.

A review of the record in this case demonstrates that the Defendants motions are

baseless and do not give rise to any prosecutorial misconduct or ineffective assistance of

counsel. Further, any misstatements made by the prosecutors as part of the court

proceeding were corrected on a subsequent appeal which would further demonstrate a lack

of prosecutorial misconduct. Certainly, the court understands the Defendant's protest of

innocence, however, the weight of the admissible evidence in this case is for the finder of

fact to determine absent an agreement of the parties. As a result, for reasons contained in

the opposition ECF Nos. 807, 808, 814 and 815 will be DENIED.

## SUPPRESSION OF SEARCH WARRANT EVIDENCE AND RETURN OF PROPERTY.

Defendant seeks to suppress evidence seized from his home at 8624 Glen Hannah

CT, Windsor Mill, MD 21244 ECF Nos. 805 and 809 as well as his email address. ECF

---

[1] The Court notes delay during the COVID-19 pandemic are reasonable and appropriate as well.

Nos. 806 and 812. The government has responded to these motions. ECF No. 821.

As indicated in the government's opposition this multidefendant case arose out of an investigation by the Drug Enforcement Administration (DEA) and other law enforcement agencies related to illegal drug trafficking activities by members of a criminal organization. Federal Title III authorizations to intercept communications over a dozen cellular telephones as well as other investigative techniques manifested support for the DEA to apply for and execute search warrants on various locations including the Defendant's home and email. Subsequent to the execution of the warrants pursuant to an order of the court, law enforcement seized various items including cash and jewelry purportedly linked to the overall investigation and criminal conduct of the Defendant and others. In addition to jewelry and cash, financial records found as a result of the execution of the search and seizure warrant revealed that the Defendant earned significant amounts of income since 2015. According to the government the Defendant did not file income tax returns for various years in violation of title 26 U.S.C. §7203. Further, according to the government, the Defendant purchased drug packaging materials and large amounts of Quinine from a company in China and was selling these items out of a store purportedly operated by the Defendant.

On July 15, 2019, Judge A. David Copperthite signed and authorized search and seizure warrants for 11 locations including the Defendant's residence. The warrant applications were supported by affidavits from law enforcement. Contained within those affidavits were representations regarding the revelation of wiretap communications between the Defendant and others involved within the conspiracy. Further, the affidavits were supported by a previous search of a business operated by the Defendant which revealed cutting agents, drug paraphernalia and packaging materials contained therein.

4

The Defendant challenges the existence of probable cause contained within these applications based upon what he claims to be misstatements contained within the affidavits regarding the location of certain evidence seized.  Specifically, the Defendant asserts that an iPad seized as the result of the search and seizure warrant was not found within the business that was the subject of the search but was found in a location next door to the business.

The law is clear that a strong presumption of validity attaches to an affidavit in support of a search warrant. *United States v Wilford,* 961 F.Supp 2d. 740, 773 (D. Md. 2023). Generally, a review of an issuing judges probable cause finding is confined to the four corners of the application and affidavit. Id. at 773.  There are limited circumstances however, when the Defendant may be entitled to an evidentiary hearing on the veracity of statements in an affidavit.  See *Franks v Delaware*, 438 U.S. 154 (1978). "Specifically under *Franks*, a Defendant is entitled to a hearing into the truth of a warrant affidavit only if he makes a substantial showing that (1) warrant affidavit contained a deliberate falsehood or statement made with reckless disregard to the truth and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause" *United States v Kent,* 652 F. App'x 161, 166 (4th Cir 2016). The two prong *Franks test* applies also when an agent omits relevant facts from an affidavit. *United States v Lull*, 824 F.3d 109, 114 (4th Cir. 2016). Showing intent or recklessness in omitting information is a heavy burden, even heavier than showing intent in including false information. *Id. at 115.* An innocent or negligent mistake by the officer will not suffice. *United States v Moody,* 931 F.3d 366, 370-71 (4th Cir. 2019) (citing *Franks*, 438 U.S. at 170).

The Defendant asserts that other individuals were not identified within the confines

5

of the search warrant application were participants in selling and supplying cutting agents. Even assuming that these omissions were material, which they are not, this court finds the omission would not otherwise affect this court's finding of probable cause. Specifically, the previous search of Mr. Weston's store revealed cutting agents and packaging materials; business records reveal the Defendant was purchasing large quantities of packaging materials and telephone intercepted conversations revealed and suggested that the Defendant was involved in purchasing, receiving and distributing cutting agents.

The Defendant has not met his heavy burden of demonstrating the material omissions or any misstatement were intentional or even reckless. Conclusory conspiracy theories regarding behavior of law enforcement will not suffice in entitling the Defendant the relief he requests. Finally, even assuming the Defendant could demonstrate a lack of probable cause any motion to suppress warrants for his residence and email account should be denied because the executing officer relied in could faith on what would otherwise be a facially valid warrant. *See United States v Leon,* 468 U.S. 987, 992 (1984).

For these reasons and reasons stated in the government's opposition ECF Nos. 804, 805, 806 and 811 will be DENIED. [2]

---

[2] The Defendant is not entitled to return of the property that was seized pursuant to a lawful search warrant of his residence. Certainly, the Defendant has a right under the Federal Rules and Criminal Procedure to seek to have his property returned. However, because the Court has previously found that the searches of the Defendant's residence and email were lawful thus, his motion will be DENIED at the present time.

**RECUSAL.**

The Defendant moves to recuse the undersigned judge ECF No. 813. The government opposes the motion ECF No. 824. In his motion the Defendant asserts conclusory conspiracy theories against multiple judges including the undersigned, law enforcement agents and prosecutors.

Upon review of the motion as well as the opposition this Court finds no basis to grant the motion to recuse. As a result, the motion ECF No. 813 will be DENIED.

BY THE COURT:

Date: 10/10/2023

The Honorable George L. Russell, III
United States District Judge

7